IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

VERSIAH MANGEL TAYLOR,

    Plaintiff,

v.                                  CASE NO. 5:14-cv-96-RS-GRJ

CHRISTOPHER PEKEROL, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court for screening of Plaintiff's *pro se* complaint.[1] (Doc. 1.) Plaintiff filed his complaint on the form for prisoners in actions pursuant to 42 U.S.C. § 1983. This form is to be used for bringing civil rights actions against state actors and not, as here, civil actions against federal officers. For the reasons discussed below the Court will not, however, require Plaintiff to refile on the correct form for bringing claims against federal officers because Plaintiff cannot bring a civil action for damages against officers of the Internal Revenue Service individually for the unauthorized disclosure of return and return information. Therefore, it is recommended that the case should be dismissed for failure to state a claim upon which relief may be granted.

---

[1] A federal court is required to conduct an initial screening of suits brought by prisoners pursuant to 28 U.S.C. § 1915. This section provides that the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

## Plaintiff's Allegations

Plaintiff is currently incarcerated in the Bay County Jail awaiting sentencing on his federal criminal convictions for filing false claims against he United States, wire fraud, and identity theft.  *See United States v. Taylor*, N.D. Fla. Case No. 5:13-cr-13-RS (Feb. 5, 2014 guilty adjudication, May 7, 2014 scheduled sentencing).  Plaintiff's claims in his complaint concern the conduct of six IRS criminal investigation agents during the investigation of his criminal case.  Plaintiff contends that the six IRS criminal investigators unlawfully inspected and disclosed his tax return information in violation of 26 U.S.C. §§ 7213(a)(1), 7213A(a)(1), and 6103(k)(1) to, among others, United States Magistrate Judge Larry Bodiford, a federal prosecutor, the United States Marshals Service, a federal grand jury, state and local law enforcement officials, and a laundry list of individuals during the criminal investigation. Plaintiff alleges that in total there were more than 425 separate violations of the disclosure statutes. Plaintiff requests relief under 26 U.S.C. § 7431 for the unauthorized disclosures of his return and return information. In addition to monetary damages, Plaintiff seeks "termination" of his criminal liability, "immunity," damages for harm to his business, and damages for his time in jail.

## Discussion

Plaintiff alleges that the inspection and disclosure of his tax information and returns violated 26 U.S.C. §§ 7213(a)(1), 7213A(a)(1), and 6103(k)(1).  These provisions generally provide that it is unlawful for a federal official to inspect and/or disclose a taxpayer's tax return or tax return information absent authorization.

There are two fundamental problems with Plaintiff's complaint, each of which requires dismissal.

First, a taxpayer's exclusive remedy for recovering damages under 26 U.S.C. § 7431(a)(1)[2] for unauthorized disclosure of tax return information is against the United States and not, as here, in an action against officers of the Internal Revenue Service in their individual capacities. *Hassell v United States*, 203 F.R.D. 241, 244 (N.D. Tex. 1999)("[E]ven assuming that Defendants .. did unlawfully disclose Plaintiff's return information, Plaintiff may only recover damages against the United States, not the government employees in their individual capacities."); *Agbanc Ltd. v. Berry*, 678 F. Supp. 804, 808 (D. Ariz. 1988); *Mid-South Music Corporation v. Kolak*, 756 F. 2d 23, 25 (6th Cir. 1984).  Thus, because Plaintiff cannot bring claims against the individual IRS agents for unauthorized disclosure of his return and return information, Plaintiff's claims must be dismissed. Further, there is no reason to permit Plaintiff to file an amended complaint because he is prohibited from bringing this action against the IRS agents.

Nor should Plaintiff be permitted to amend his complaint to name the United States because any claim against the United States for unauthorized disclosure would fail under the investigative purpose exception to disclosure.  Under § 6103(k)(6) "an internal revenue officer of employee . . . may, in connection with his official duties relating to any audit, collection activity, or civil or criminal tax investigation or any other

---

[2] Section 7431(a)(1) provides in relevant part: "If any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States."

offense . . . disclose return information to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available, with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any provision of this title." Plaintiff affirmatively alleges that the six IRS criminal investigators made the disclosures during the course of the criminal investigation of his case. While Plaintiff may disagree with the necessity to make the disclosures, nonetheless, because he alleges the disclosures were made during the course of their criminal investigation, the disclosures are not actionable. *Cryer v.United States*, 554 F. Supp. 2d 642 (W.D. La. 2008) (dismissing action because disclosures were covered by the "investigative purposes" exception in § 6103(k)(6).)

In addition, even assuming the disclosures were unauthorized Plaintiff's claim still fails because §7431(b)(1) provides that "no liability shall arise under this section with respect to any inspection or disclosure which results from a good faith, but erroneous interpretation of section 6103." Thus, even if the actions of the investigators violated the law (which is highly unlikely), there would be no liability because Plaintiff has made no allegation that the investigation of his criminal case was done under bad faith. Indeed, it is simply not plausible to suggest that the disclosures of his return information to the magistrate judge, the federal grand jury and even the prosecutors, who prosecuted him and obtained the criminal conviction, were not made in good faith.

There is a second reason – separate from whether Plaintiff could state a claim against the United States for unauthorized disclosure – which mandates that Plaintiff's complaint should be dismissed without leave to amend. Even if Plaintiff could amend to

state a civil claim against the United States for unauthorized disclosure of his return information, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck* the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486–87 (footnote omitted).

In considering whether a claim is *Heck*-barred, the Court must determine whether a plaintiff's factual allegations, if proven, would necessarily undermine the validity of the plaintiff's conviction.  *See Edwards v. Balisok*, 520 U.S. 642, 646-48 (1997).  If the factual basis of the plaintiff's civil case is "inconsistent with [his] conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003).

Plaintiff's complaint directly implicates *Heck*, because, among other relief, Plaintiff seeks the termination of his criminal liability, immunity and damages for his time in jail. This relief, if granted, would directly call into question the validity of his criminal conviction. Accordingly, absent expungement or invalidation of his criminal conviction, Plaintiff's civil claims (whether brought against the IRS agents individually or brought

against the United States) are barred by *Heck.*

## Conclusion

For the foregoing reasons, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IN CHAMBERS,** at Gainesville, Florida, this 29th day of April 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.