IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

VERSIAH MANGEL TAYLOR,

    Plaintiff,

v.                                                    CASE NO.  5:14cv96-RH/GRJ

CHRISTOPHER PEKEROL et al.,

    Defendants.

_____/

## ORDER ADDRESSING THE MOTIONS TO DISMISS AND SETTING THE PRETRIAL SCHEDULE AND TRIAL DATE

    This case arises from a successful prosecution for tax fraud. A federal grand jury indicted Versiah Mangel Taylor on multiple counts. A jury convicted him. The Eleventh Circuit affirmed the conviction.

    Mr. Taylor filed this civil action against federal officers involved in the prosecution. He asserted, among other things, that officers improperly disclosed information from his tax returns. The district judge who was presiding over the case at that time dismissed the complaint and denied leave to amend. The Eleventh Circuit agreed that the complaint was deficient but vacated the dismissal and

remanded, concluding that Mr. Taylor should be granted leave to amend to assert an improper-disclosure claim against a different defendant—the United States—and perhaps (the Eleventh Circuit left it to the district court to decide) to assert constitutional claims against the officers.

The Eleventh Circuit noted that a conviction does not preclude a person from pursuing a claim against the United States for improper disclosure of return information—disclosure, that is, not properly made in connection with the prosecution. *See* 26 U.S.C. § 7431 (allowing an action against the United States for improper disclosure of tax-return information). And a conviction does not preclude a claim against an officer for a constitutional violation so long as the claim, if successful, would not necessarily imply the invalidity of the conviction. *Compare Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (allowing an action against a federal officer for a constitutional violation) *with Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (precluding a convicted person from pursuing a claim that, if successful, necessarily would imply the invalidity of the conviction, unless the conviction has been vacated in a separate proceeding).

Now pending is the third amended complaint. It names four defendants: the United States, Internal Revenue Service agents Christopher Pekerol and Margaret Weiss, and deputy United States Marshal Glen Miller. The United States and the

IRS agents have filed a motion to dismiss. Mr. Miller has filed a separate motion to dismiss. The motions are before the court on the magistrate judge's reports and recommendations. Mr. Taylor filed objections to the first report and recommendation (addressing Mr. Miller's motion) but has not filed objections to the second (addressing the other defendants' motion).

Federal Rule of Civil Procedure 8 requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." The third amended complaint is anything but short and plain. It is unnecessarily divided into 69 counts, almost as if Mr. Taylor believes that the strength of a case is determined by the number of counts.

In substance, the third amended complaint asserts three claims that warrant analysis: a claim against the United States under § 7431 for improper disclosure of tax-return information; a *Bivens* claim against the IRS agents for searches and seizures that allegedly violated the Fourth Amendment; and a *Bivens* claim against all three individual defendants for allegedly causing Mr. Taylor's pretrial detention in violation of the Fourth, Fifth, or Fourteenth Amendment.

The prolix complaint obligated the magistrate judge to tediously address the many allegations. That analysis is not repeated here. The bottom line is as follows.

First, Mr. Taylor *has* stated a claim on which relief can be granted against the United States for improper disclosure of tax-return information to individuals

not connected with the prosecution—that is, *to individuals who were not federal or state officers or employees*. Mr. Taylor has *not* stated a § 7413 claim on which relief can be granted for disclosure of information *to federal or state officers or employees*, because Mr. Taylor has not alleged facts plausibly suggesting that any such disclosure was improper. And Mr. Taylor has *not* stated a claim on which relief can be granted *against the individual defendants* (in either their individual or official capacities) for disclosure of tax return information; the sole remedy for any such disclosure is a § 7413 claim against the United States.

Second, the law is clearly settled that a search warrant authorizes an officer to search only for materials described in the warrant. A warrant authorizes an officer to seize materials described in the warrant. And an officer may seize contraband or similar materials not described in a warrant if the officer observes the materials while properly searching for materials described in the warrant. But the Fourth Amendment precludes an officer from going further. A warrant to search for an elephant does not authorize an officer to look in a drawer that would hold only a mouse, as any reasonable officer would know. Mr. Taylor says the defendant IRS agents improperly obtained search warrants and conducted searches and seized materials that exceeded the scope of the warrants, but Mr. Taylor has alleged no facts plausibly supporting the assertions. So he has failed to state a search or seizure claim on which relief can be granted.

Third, the law is clearly settled that an officer cannot intentionally provide false information that causes a person's arrest or detention without probable cause. But accurately reporting that a person is under investigation for tax fraud or is wanted for questioning does not run afoul of this principle. Mr. Taylor says the individual defendants caused him to be held on excessive bail or otherwise detained after he was arrested on unrelated state drug charges. But Mr. Taylor has not alleged facts plausibly suggesting that the defendants brought about the arrest, that state authorities lacked probable cause for the arrest, that the state court's bail and detention decisions were unconstitutional, or that these defendants did anything improper to influence the state court's decision. Merely advocating a court's detention of a defendant is not unconstitutional, at least in the absence of facts far beyond anything Mr. Taylor has alleged here.

After this order was drafted, the clerk of court received a motion from Mr. Taylor asking for a 30-day extension of the deadline for filing objections to the second report and recommendation. The motion was delivered to prison authorities for mailing on the due date for objections. If an extension had any prospect of contributing to the proper consideration of the motion to dismiss, I would grant it. But this case already has been pending far too long. Mr. Taylor's cumbersome complaint has required two cumbersome reports and recommendations. Waiting 30 more days would allow Mr. Taylor to file objections formatted in the same

cumbersome way. And the objections almost surely would make no difference. Mr. Taylor's earlier filings have abundantly set out his position.

This order is intended to focus the litigation more clearly and to move the case toward resolution. The ruling would be the same with or without the second report and recommendation. Mr. Taylor may move to reconsider this order if he has grounds, or he may move for leave to file a fourth amended complaint if he believes he can state a claim beyond the claims upheld in this order. But Mr. Taylor should note well: vigorous investigation, indictment, arrest, detention, and conviction of a person who, as the jury has conclusively determined, engaged in tax fraud is not unconstitutional. Leave to file a fourth amended complaint will be granted only if Mr. Taylor meets two conditions. First, a proffered fourth amended complaint must include only a *short and plain* statement of the claims. A proffered complaint is unlikely to meet this requirement if it includes more than three counts (one for disclosure of tax information, one for unconstitutional search or seizure, and one for unconstitutional detention) or runs longer than 10 pages. Second, a motion for leave to amend or the proffered complaint must include specific facts showing actionable misconduct—not just showing zealous investigation and prosecution. The requirement to proffer specific facts is not inconsistent with the suggestion that a complaint should run no longer than 10 pages. Brevity requires

only that Mr. Taylor lose the adjectives, conclusions, and duplication, and instead focus on facts.

In sum, this order denies Mr. Taylor's requested extension of time to file objections because issuing this order now, without awaiting objections, will move the case forward and make it more likely that anything Mr. Taylor files will actually focus on issues that matter.

For these reasons and those set out in the reports and recommendations,

IT IS ORDERED:

1. The motion to extend the deadline for objections, ECF No. 109, is denied.

2. The reports and recommendations, ECF Nos. 106 and 107, are accepted to the extent set out in this order.

3. The defendant Glenn Miller's motion to dismiss, ECF No. 86, is granted. All claims against Mr. Miller are dismissed.

4. The motion to dismiss filed by the United States, Mr. Pekerol, and Ms. Weiss, ECF No. 88, is granted in part and denied in part. The § 7413 claims against the United States for improper disclosure of tax information to individuals not employed by federal or state governments or their subdivisions or agencies are not dismissed. All other claims against the United States, and all claims against Mr. Pekerol and Ms. Weiss, are dismissed.

5.  I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

6.  The reference of this case to the magistrate judge for all pretrial proceedings is withdrawn.

7.  The trial is set for the two-week trial period that begins on Monday, June 5, 2017. A party with a conflict during that trial period must file a notice by September 16, 2017.

8.  The discovery deadline is March 3, 2017.

9.  The United States is authorized to depose Mr. Taylor. The date, time, and conditions of a deposition must comport with the reasonable security requirements of the facility where Mr. Taylor is in custody.

10. The deadline for filing summary-judgment motions is 21 days after the discovery deadline, but *they should be filed at the earliest appropriate time.  It is rarely necessary that such motions await the completion of all discovery.*

11. A summary-judgment hearing by telephone will be set on any party's request. The hearing ordinarily will be combined with the pretrial conference unless the request is made and briefing is complete in time to allow the hearing to be scheduled more than two weeks before the pretrial conference. Even if a hearing is scheduled, a motion may be resolved before the hearing based on the written record.

12.  By a separate Order for Pretrial Conference to be issued later, a deadline will be set for disclosures required by Federal Rule of Civil Procedure 26(a)(3), including those related to depositions that will be introduced at trial, and including separate disclosures of witnesses and exhibits the party intends to present or may present if the need arises. The deadline for objections under Rule 26(a)(3) is seven days later.

13.  Any motion in limine or other pretrial motion must be served sufficiently in advance of the pretrial conference to allow consideration of the motion at or prior to the pretrial conference.

SO ORDERED on September 2, 2016.

s/Robert L. Hinkle
United States District Judge