**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

VERSIAH MANGEL TAYLOR,

      Plaintiff,

v.                              CASE NO.  5:14cv96-RH/GRJ

UNITED STATES OF AMERICA,

      Defendant.

_____/

## ORDER GRANTING SUMMARY JUDGMENT

      This case arises from the successful prosecution of Versiah Mangel Taylor for tax fraud and identity theft. While the criminal charges were pending, Mr. Taylor filed this civil action, alleging, among other things, that agents of the Internal Revenue Service improperly disclosed Mr. Taylor's tax return information during their investigation. A person whose return information is improperly disclosed may recover damages against the United States under 26 U.S.C. § 7431.

      The government has moved for summary judgment. On a summary-judgment motion, disputes in the evidence must be resolved, and all reasonable inferences from the evidence must be drawn, in favor of the nonmoving party. The

moving party must show that, when the facts are so viewed, the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A summary-judgment motion cannot be used to resolve in the moving party's favor a "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).

A taxpayer's return and "return information"—a broadly defined category that includes even the taxpayer's identity—are confidential and cannot be disclosed by any government employee except as authorized by the governing statute. *See* 26 U.S.C. § 6103(a). Among the exceptions is one intended to allow IRS investigators to do their jobs. An IRS employee may "disclose return information to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available, with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of" the Internal Revenue Code. *Id.* § 6103(k)(6). A duly adopted rule gives further details. *See* 26 C.F.R. § 301.6103(k)(6)-1.

Mr. Taylor has alleged dozens of disclosures, most by IRS agents during witness interviews. The record shows without genuine dispute that most of the alleged disclosures simply did not occur. The record shows that the disclosures that *did* occur were proper under § 6103(k)(6). The record includes no admissible

evidence that any improper disclosure occurred. The government is entitled to summary judgment.

In reaching this conclusion, I have not overlooked the fact that the third amended complaint is verified. Mr. Taylor's deposition testimony makes clear that the verification is not based on personal knowledge. To the contrary, Mr. Taylor has made allegations based entirely on speculation, supposition, rumor, or, very occasionally, inadmissible hearsay. A verified pleading may be considered on a summary-judgment motion just like any other testimony. But a party cannot avoid summary judgment based on the party's assertion in a verified pleading if the party will be unable to testify to the assertion at trial and the party has offered no admissible testimony to support the assertion. *See, e.g.*, *Pate v. Peel*, 256 F. Supp. 2d 1326, 1330 n.3 (N.D. Fla. 2003). The record includes no sworn testimony from anyone with personal knowledge suggesting that any improper disclosure of return information occurred at all.

For these reasons and those set out on the record of the summary-judgment hearing on May 10, 2017,

IT IS ORDERED:

1. The defendant's summary-judgment motion, ECF No. 121, is granted.

2. The clerk must enter judgment stating, "This action was resolved on motions to dismiss and for summary judgment and through the plaintiff's

submission of amended complaints abandoning claims against some defendants. It is adjudged that the plaintiff Versiah Mangel Taylor recover nothing on his claims against the defendants United States of America, Christopher Pekerol, Margaret Weiss, Alfredo Vasquez, Candace Kowal, Tanya Burgess, Joe Shuetz, or Glenn Miller. All claims against all defendants are dismissed on the merits."

SO ORDERED on May 11, 2017.

s/Robert L. Hinkle_____
United States District Judge